WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladislav Ishmuratov,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David R. Rivas, et al.,<br><br>　　　　　Respondents. | No. CV-25-01366-PHX-JAT (ESW)<br><br>**ORDER** |

　　　　Petitioner Vladislav Ishmuratov (A# 073-957-429), who is confined in the San Luis Regional Detention Center, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), a Motion for Preliminary Injunction (Doc. 2), a motion to appoint counsel (Doc. 3), and an Application to Proceed In Forma Pauperis (Doc. 4). The Court will grant the motion to appoint counsel, grant the application, and require an answer to the Petition and Motion for Preliminary Injunction.

**I.     Application to Proceed In Forma Pauperis**

　　　　Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00; accordingly, the Court will grant the application. *See* LRCiv 3.5(c).

**II.     Petition**

　　　　In his Petition, Petitioner names San Luis Regional Detention Center Warden David R. Rivas; United States Attorney General Pamela J. Bondi; United States Department of Homeland Security Secretary Kristi Noem; and San Diego Field Director Gregory J.

TERMPSREF

Archambeault as Respondents. Petitioner raises a single claim for relief.

Petitioner states he is a native of the former Soviet Union and entered the United States as a child. Children in the former Soviet Union were not issued their own passports and, instead, travelled using their parents' documents. After the former Soviet Union became independent states, Petitioner did not obtain citizenship in any of them. Russia does not recognize Petitioner as a citizen.

Petitioner was ordered removed on December 6, 2017. He remained in immigration custody until August 2018 after filing a habeas corpus petition in the United States District Court for the Central District of California. Petitioner remained under Immigrations and Customs Enforcement supervision until March 26, 2025, when he was arrested by ICE officials and transferred to the San Luis Detention Center. He challenges his detention following the removal period outlined in 8 U.S.C. § 1231(a)(1)(A) because, as an individual who is stateless, he has no prospect of removal. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). He claims there is no likelihood that he will be removed from the United States and seeks a writ ordering his immediate release from detention under supervision. Petitioner also seeks a preliminary injunction directing his immediate release from detention while this case is litigated.

The Court will require Respondents to answer the Petition and motion. Petitioner also moves for the appointment of counsel. The Court finds the interests of justice support appointment of counsel in this matter and will grant the motion. 18 U.S.C. § 3006A(a)(2)(B).

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2)     Petitioner's Motion for Appointment of Counsel (Doc. 3) is **granted**.

 Assistant Federal Public Defender Keith Hilzendeger is appointed to represent Petitioner in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B).

(3)     The Clerk of Court must enter the appearance of Assistant Federal Public Defendant Hilzendeger on behalf of Petitioner in this action.

(4)     Petitioner must serve a copy of the summons, the Petition (Doc. 1), the Motion for Preliminary Injunction (Doc. 2), and this Order on all Respondents pursuant to Rule 4(i) of the Federal Rules of Civil Procedure and file a proof of service for each Respondent.

(5)     Respondents **must file** a response to the Motion for Preliminary Injunction (Doc. 2) within **10 days** of service.  Petitioner may file a reply within **5 days** of the date of the response.

(6)     Respondents must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(7)     Petitioner may file a reply within 30 days from the date of service of the answer.

(8)     Regarding courtesy copies of documents for chambers, the parties are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(9)     This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 28th day of April, 2025.

_____
James A. Teilborg
Senior United States District Judge

**TERMPSREF**

- 3 -