# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladislav Ishmuratov, | No. CV-25-01366-PHX-JAT (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

On April 24, 2025, Vladislav Ishmuratov ("Petitioner") filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. 1). The Petition states that Petitioner is a native of the former Soviet Union and has been detained by Immigration and Customs Enforcement ("ICE") since March 26, 2025. (*Id.* at 1-2.)

Pending before the Court is Petitioner's "Motion for Limited Discovery in Support of Petition for a Writ of Habeas Corpus and Motion for a Preliminary Injunction" (Doc. 26). The Court has reviewed the Motion (Doc. 26), Respondents' Response (Doc. 29), and Petitioner's Reply (Doc. 30). In his Motion (Doc. 26), Petitioner seeks discovery of specific documents to support his habeas claim that his detention by ICE is unconstitutional under the Fifth Amendment as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner asserts that there is no significant likelihood of removal to Russia in the reasonably foreseeable future.

Although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy the

presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A court considering a habeas corpus petition is ordinarily limited to the record before it. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). However, under Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, a court may grant a habeas petitioner's discovery request upon a showing of good cause. *Bracy*, 520 U.S. at 904. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief[.]" *Id.* at 908-09. The Ninth Circuit Court of Appeals has cautioned that courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Here, Petitioner's habeas claim under *Zadvydas* turns on whether there is a "significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner alleges that he is effectively stateless because Russia refuses to recognize him as a citizen, making removal unlikely to occur in the reasonably foreseeable future. (Doc. 26 at 1.) Respondents counter that the "clear and undisputed facts establish" that Petitioner is a native and citizen of Russia based on his birth certificate, passport, and visa. (Doc. 29 at 1-2.)

However, the record indicates that ICE unsuccessfully attempted to obtain travel documents from Russia for Petitioner's removal in December 2017 and November 2019. *See* Doc. 25-1 at ¶¶ 16, 20. On May 2, 2025, ICE made a third attempt, which remains pending. (*Id.* at ¶ 25.) The Declaration of Supervisory Detention and Deportation Officer Osvaldo Flores states that in his "experience, many countries—including Russia—have become more cooperative with, and responsive to, ICE in acknowledging and processing travel document requests as well as in issuing travel documents to their citizens following the recent change in Administration on January 20, 2025." *Id.* at ¶ 28. Respondents have not provided the underlying documents on which Officer Flores relied in his Declaration.

In opposing Petitioner's Motion (Doc. 26), Respondents contend that Petitioner's requested discovery seeks "highly-sensitive privileged law enforcement and diplomatic communications." (Doc. 29 at 6.) Respondents, however, identify no source of law on which their assertion of privilege rests. "To ensure that the privilege is invoked no more often or extensively than necessary, the claim must be a 'serious' and 'considered' one and 'reflect the certifying official's personal judgment.'" *Fazaga v. Fed. Bureau of Investigation*, 124 F.4th 637, 654-55 (9th Cir. 2024) (emphasis omitted). It must include "sufficient detail for the court to make an independent determination of the validity of the claim of privilege and the scope of the evidence subject to the privilege." *Id.*

The Court finds that Respondents' assertion of privilege over communications with the Russian Embassy is insufficiently developed and lacks the specificity required for this Court to evaluate any privilege claim. Moreover, as Petitioner notes (Doc. 30 at 5), these communications were initiated with Petitioner's express authorization as required by federal regulation. *See* 8 C.F.R. § 241.4(g)(5)(i) ("Release will be denied and the alien may remain in detention if the alien fails or refuses to make timely application in good faith for travel documents necessary to the alien's departure[.]").

The Court finds good cause for limited discovery. Petitioner has made specific allegations that Russia does not recognize him as a citizen and will not provide travel documents necessary for removal. ICE's own evidence shows two prior unsuccessful attempts to secure such documents. The Court finds that Petitioner's discovery request is narrowly tailored to the *Zadvydas* inquiry. *See Batyuchenko v. Reno*, 56 F. Supp. 2d 1163, 1164 (W.D. Wash. 1999) (ordering further inquiry into the likelihood of a petitioner's deportation). Accordingly,

**IT IS ORDERED** granting Petitioner's "Motion for Limited Discovery in Support of Petition for a Writ of Habeas Corpus and Motion for a Preliminary Injunction" (Doc. 26). Respondents shall provide to Petitioner all eleven categories of documents specified in Petitioner's Motion (Doc. 26 at 3-4) within **fourteen days** of this Order.

Dated this 5th day of June, 2025.

Eileen S. Willett
United States Magistrate Judge