# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladislav Ishmuratov, | No. CV-25-01366-PHX-MTL (ESW) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

On April 24, 2025, Petitioner, through counsel, filed an amended habeas corpus Petition under 28 U.S.C. § 2241 seeking release from immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and a motion for preliminary injunction requesting the same. (Docs. 2, 11.) Both the motion and the amended petition are fully briefed. The Court will direct Respondents to show cause why the Petition should not be granted.

**I.     Background**

Petitioner alleged he is a native of the former Soviet Union and entered the United States as a child. (Doc. 11 ¶ 11.) At that time, children in the former Soviet Union were not issued their own passports and, instead, travelled using their parents' documents. (*Id.*) After the former Soviet Union became independent states, Petitioner did not obtain citizenship in any of them. Russia does not recognize Petitioner as a citizen and, as a result, Petitioner maintains his removal is not likely to occur in the reasonably foreseeable future and he is entitled to release from custody.

1  Respondents argue "Petitioner cannot establish that his removal is unlikely to
2 occur in the reasonably foreseeable future given that ICE is actively seeking a travel
3 document, has submitted to the Russian Embassy information not previously provided,
4 Russia has not refused to issue travel documents, and the current status of diplomatic
5 relations between the United States and Russia." (Doc. 25 at 7.)

6 **II.  Discussion**

7  Because the Petition and motion for injunctive relief are fully briefed, the Court
8 notifies the parties of its intent to consolidate the request for preliminary injunction with
9 the merits in this action pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

10  There is no dispute the United States Supreme Court has held that 8 U.S.C. § 1231
11 "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Supreme Court
12 found § 1231(a)(6) "implicitly limits an alien's detention to a period reasonably
13 necessary to bring about that alien's removal from the United States and does not permit
14 indefinite detention." *Zadvydas*, 533 U.S. at 679. It held that six months is a
15 presumptively reasonable period, but "[a]fter this 6-month period, once the alien provides
16 good reason to believe that there is no significant likelihood of removal in the reasonably
17 foreseeable future," the government must respond by either rebutting that showing or
18 releasing the alien. *Id.* at 701; *Guzman Chavez*, 141 S. Ct. at 2282. To demonstrate
19 entitlement to release under the rule announced in *Zadvydas*, a petitioner detained under
20 § 1231(a)(6) bears the initial burden of showing there is good reason to find that there is
21 no significant likelihood he will be removed in the reasonably foreseeable future. *See*
22 *Zadvydas*, 533 U.S. at 701 (the "six-month presumption" "does not mean that every alien
23 not removed must be released after six months. To the contrary, an alien may be held in
24 confinement until it has been determined that there is no significant likelihood of removal
25 in the reasonably foreseeable future").

26  Respondents argue Petitioner's detention has not been prolonged because he has
27 only been in immigration custody since March 26, 2025. (Doc. 25 at 6.) But
28 Respondents acknowledge Petitioner was previously in immigration detention from

December 30, 2017 until August 20, 2018 and do not explain how that post-removal order period of detention does not count toward the six months. But in any event, Petitioner's current detention is rapidly nearing six months. And, as stated, the crux of the inquiry is whether Petitioner's removal is likely to occur in the near future. Respondents allege they are "actively engaged in efforts to secure travel documents and remove Petitioner to Russia." (Doc. 25 at 7.) They indicate ICE submitted a new request to secure travel documents from Russia on May 2, 2025, provided new information in support of that request, and have not received a declination from Russia. Following Respondents' response, however, Petitioner sought and received limited discovery to probe Respondents assertions. In his reply, Petitioner itemized the Government's previous requests to secure travel documents for Petitioner, all of which were ignored. (Doc. 40 at 2, 4, 6.) If the Government has not received a response to its pending request to Russia, the Court is inclined to find there is no significant likelihood of removal in the reasonably foreseeable future and must order Petitioner's release. Respondents will therefore be required to show cause within 10 days why Petitioner's petition should not be granted.

**IT IS THEREFORE ORDERED** Respondents must show cause within 10 days why petitioner's Petition should not be granted. Petitioner may file a reply within 5 days of the Response.

Dated this 8th day of September, 2025.

Michael T. Liburdi
United States District Judge